Battle, J.
 

 We cannot discover any error in the judgment rendered against the defendants Latham and Perry. One of their objections to it is, that their principal was dead at the time when the judgment was given, and that it could not regularly be entered up
 
 instanter
 
 upon the appeal bond, without making his personal representative a party. . There are two decisive answers to this objection. The first is, that we have no judicial knowledge that the principal was dead. His sureties were no parties to the suit, and had therefore no right to suggest his death, and the entry of their suggestion on the record, is a mere nullity. But if this were not so, and the death of the principal were properly brought to our notice, we are bound to assume that he died after the commencement of the term at which the issue was tried, and when the suggestion of his death was made. Upon no other supposition can the proceeding of the Court in trying the issue, and ordering the certificate of the probate to be sent to the County Court, be upheld ; for if the caveator died before the commencement of the term, the verdict and judgment were rendered against a dead man and therefore erroneous, which we are not tolpresume. Another objection to the judgment is, that supposing their principal died after the commencement of the term, judgment ought to have been rendered against him as well as against the sureties upon the appeal bound. The prevailing party may pursue that course if he chooses, but is not bound to do so. He may take a judgment against the principal upon his liability as á party to the suit, and then another and a separate judgment against the sureties on the appeal bond. If he choose to pursue the latter course, the sureties have thereby no greater burthen
 
 *324
 
 thrown upon them, and therefore have no right to complain. The judgment must be affiirmed.
 

 Per Curiam. Jndgment affirmed.